IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELAINE M. COLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 2:06cv378-WKW |
| | ) |
| ALABAMA MEDICAID AGENCY, | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant, Alabama Medicaid Agency, hereby answers the Complaint of Plaintiff, Elaine M. Coley. Unless specifically admitted in this Answer, Defendant denies each and every allegation of the Complaint.

1. Defendant does not have sufficient knowledge to admit or deny Plaintiff's place of residence and therefore denies the allegations and demands strict proof thereof.

2. Defendant admits that the Alabama Medicaid Agency is an agency of the State of Alabama and that its principal offices are at 501 Dexter Avenue, Montgomery, Alabama 36103, and that Defendant has over 500 employees.

3. This averment addresses matters of jurisdiction and no response is required.

4. Defendant denies the allegations of paragraph 4.4 and demands strict proof thereof.

5. Defendant admits the allegations of paragraph 5.

6. Defendant denies the allegations of paragraph 6 and demands strict proof thereof.

7. Defendant denies the allegations of paragraph 7 and demands strict proof thereof.

8. Defendant denies the allegations of paragraph 8 and demands strict proof thereof.

9. Defendant denies the allegations of paragraph 9 and demands strict proof thereof.

10. Defendant denies the allegations of paragraph 9 and demands strict proof thereof.

11. Defendant admits that Plaintiff's original EEOC complaint is dated December 21, 2004. Defendant admits that Plaintiff has attached to her Complaint a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Defendant is without sufficient information to admit or deny the date Plaintiff received the right-to-sue letter from the Equal Employment Opportunity Commission and therefore denies the allegations and demands strict proof thereof.

12. Defendant denies the allegations of paragraph 12 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint, and each and every count thereof, fails to state a claim for which relief may be granted.

## SECOND DEFENSE

The Defendant specifically denies each and every allegation in the Complaint not specifically admitted herein.

## THIRD DEFENSE

The Defendant is not liable to the Plaintiff and denies that the Plaintiff is entitled to the relief sought in the Complaint.

## FOURTH DEFENSE

The Plaintiff is not entitled to recover the damages alleged in the Complaint.

## FIFTH DEFENSE

The Plaintiff has failed to take all reasonable steps to mitigate her damages, if any.

## SIXTH DEFENSE

The Plaintiff is estopped from asserting claims against the Defendant.

## SEVENTH DEFENSE

The Plaintiff's claims, to the extent that they may be based on contracts and/or agreements not in writing, are barred by the statute of frauds.

## EIGHTH DEFENSE

The Plaintiff's claims are partially and/or totally barred by the applicable statutes of limitation and/or jurisdictional time frames.

## NINTH DEFENSE

The Plaintiff's claims are partially and/or totally barred by the doctrine of sovereign immunity pursuant to the Eleventh Amendment to the United States Constitution and § 14 of the Alabama Constitution of 1901.

## TENTH DEFENSE

To the extent Plaintiff's Complaint could be construed as naming individual defendants, which Defendant denies, the Plaintiff's claims are partially and/or totally barred by the doctrines of absolute and/or qualified immunity as some or all actions taken on behalf of the Defendant that were related to Plaintiff's employment were discretionary functions.

## ELEVENTH DEFENSE

The Defendant has acted at all times in accordance with Alabama State Personnel Department Rules.

## RESERVATION OF DEFENSES

The Defendant reserves the right to assert any additional defenses, counterclaims or cross-claims which may arise in the course of this litigation.

Respectfully submitted this the 17th day of August, 2006.

s/Amanda C. Carter
MARK D. WILKERSON (WIL072)
AMANDA C. CARTER (CAR116)
Attorneys for Defendant
Alabama Medicaid Agency

WILKERSON & BRYAN, P.C.
405 South Hull Street
Montgomery, AL 36104
Telephone: (334) 265-1500
Facsimile: (334) 265-0319
mark@wilkersonbryan.com
amanda@wilkersonbryan.com

**OF COUNSEL:**

WILKERSON & BRYAN, P.C.
405 South Hull Street
Montgomery, AL 36104
Telephone: (334) 265-1500
Facsimile: (334) 265-0319
mark@wilkersonbryan.com
amanda@wilkersonbryan.com

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 17th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that I mailed a copy of the foregoing to the Plaintiff, properly addressed and first class postage prepaid.

**Elaine M. Coley**
6321 Sandy Ridge Curve
Montgomery, AL 36117
(334) 207-3606
Pro Se

                                                **s/Amanda C. Carter**
                                                MARK D. WILKERSON (WIL072)
                                                AMANDA C. CARTER (CAR116)
                                                Attorneys for Defendant
                                                Alabama Medicaid Agency
                                                WILKERSON & BRYAN, P.C.
                                                405 South Hull Street
                                                Montgomery, AL 36104
                                                Telephone: (334) 265-1500
                                                Facsimile: (334) 265-0319
                                                mark@wilkersonbryan.com
                                                amanda@wilkersonbryan.com