IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELAINE COLEY, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO : 2-06cv378-WKW |
| | ) |
| ALABAMA MEDICAID AGENCY, | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE IN OBJECTION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes now Plaintiff, Elaine Coley, and submits this response to the motion for summary judgment submitted by Defendant, Alabama Medicaid Agency.

Attached in support of the Plaintiff's response are the following evidentiary submissions:

Exhibit A: Declaration of Elaine Coley, with the following attachments:

    I: August 27, 2003 Letter Signed by Plaintiff

    II: April 16, 2004 Letter Signed by Plaintiff

    III: March 3, 2004 Letter from Felicia S. Barrow

**Discussion**

The Defendant has written a long brief in support of its motion for summary judgment. It has done a pretty good job of hiding the real issue in this case: the issue of discrimination. The Plaintiff can only say that she will not submit a 58-page brief in an attempt to demonstrate that (1) there are issue of material fact, and it is entitled to judgment as a matter of law. The Defendant cannot meet this burden. The Defendant

moves for summary judgment on the basis that there is no evidence supporting the Plaintiff's claims of discrimination. Basically, the

## Summary Judgment Standard

Summary judgment may be entered on a claim only if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56 (c), *Federal Rules of Civil Procedure. (F.R.Civ.P.).* In ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the non-moving party, and the court must draw all reasonable inferences against the moving party. *See Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *see also Earley v. Champion International Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

Always, in a motion for summary judgment, the burden of proof is upon the moving party to establish its *prima facie* entitlement to summary judgment by showing the absence of genuine issues and that it is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). If, *and only if*, the moving party carries out that initial burden is the non-moving party required to come forward with evidence supporting each essential element of its claim. *Celotex Corp. v. Catrett; Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brieteon*, 883 F.2d 293 (11th Cir. 1989). The moving party is not entitled to judgment as a matter of law unless the plaintiff, who carries the ultimate burden of proving the action, is able to show some evidence with respect to each element of it claim. *See Celotex Corp v. Catrett, supra; Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990).

2

Finally, in assessing and deciding a motion for summary judgment, the court's function is to determine *only* whether there exist genuine and material issues of fact to be tried and whether the moving party is entitled to judgment as a matter of law. *See Dominick v. Dixie National Life Insurance Co.*, 809 F.2d 1550 (11th Cir. 1987). The court is not empowered to decide any material factual issues. When the standard enunciated above is analyzed utilizing the facts of this case, it is readily discernable that summary is not applicable in this instance.

### Prima Facie Case of Discrimination

Establishing a prima facie merely requires the Plaintiff to establish "facts adequate to permit an inference of discrimination." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997). The law does not require that the standard to establish a *prima facie* be rigid or inflexible. *See e.g., Schoenfeld v. Babbitt*, 168 F.3d 1257, 1268 (11th Cir. 1999) ("...disparate treatment can be established by any proof of actions taken by the employer from which we infer discriminatory animus because experience has proved that in the absence of any other explanation it is more *likely than not that those action were bottomed on impermissible consideration*.") (citing *Hill v. Metro. Atlanta Rapid Trans. Authority*, 848 F.2d 1522 (11th Cir. 1988) (internal punctuation omitted) [Emphasis supplied].

Under Title VII, it is unlawful "to discharge an individual, or otherwise to discriminate against any individual with respect to [his] compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C.A. § 2000e-2 (a)(1). Essentially, the Plaintiff alleges that her race was "a motivating" factor for Defendant's decision makers to discriminate against him on the

basis of his race as envisioned in 42 U.S.C.A. § 2000e-2(m). Indeed, under the 1991 amendments to the Act, an unlawful employment practice is demonstrated when the complaining party demonstrates that race is "a motivating factor" for any employment practice even when there are other factors motivating that employment practice. 42 U.S.C.A § 2000e-2(m).

Moreover, even if the employee only shows that race was a motivating factor, she has established liability and, therefore, may be entitled to some relief. Admittedly, under the 1991 amendments to this Act, if the employee proves a violation, and the employer demonstrates that it would have taken the same course of action in the absence of such impermissible motivating factor, the court can award no damages but can grant declaratory relief, injunctive relief, and attorney's fees, costs demonstrated to be 42 U.S.C.A. § 2000e-5(g) (2) (B). Consequently, the Plaintiff submits that under the 1991 amendments, she may be entitled to some relief if she can demonstrate race to be a motivating factor.

A court must, in assessing an employee's claim of discrimination, undertake a two-step process of fact-finding. First, it must determine if the employee has proved, by a preponderance of the evidence, that race was "a" motivating factor for the employer's employment decision, despite the fact that the Defendant's employment decision was also motivated by other factors.
Second, the court must determine if the employer has proved by a preponderance of the evidence that the same employment action would have been taken against the employee even it the impermissible factor were not present. *See Herawi v. State of* Alabama *Dept. of Forensic Science*, 311 F.Supp.2d, 1334 (M.D. Ala. 2004) (Thompson, J.); *see*

4

*also Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003) (a plaintiff does not have to present direct evidence of discrimination to obtain the mixed-motive jury instruction. Rather, "a plaintiff need only present sufficient evidence for a reasonable jury to conclude by a preponderance of the evidence" that race "was a motivating factor for any employment practice").

The Plaintiff alleges in her Complaint that Defendant discriminated against him because of his race, black (African American). Her claim of discrimination is evaluated under the analysis set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the framework of *McDonnell Douglas*, to establish a prima facie case of discrimination, Plaintiff is required to show that she is a member of a protected class, that

she was qualified for the position at issue, that he suffered some adverse employment action, and some other evidence, which allows an inference of discrimination. *See Verizon South, Inc.*, 299 F.Supp.2d 1235, 1241 (M.D. Ala. 2003) (Thompson, Judge), citing *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248 (1981); *see also Maynard v. Board of Regents of Div. of University of Florida Dep't of Educ.*, F.3d 1281, 1289 (11th Cir. 2003).

### Prima Facie Case of Retaliation:

A Title VII is analyzed utilizing the framework set forth in *McDonnell Douglas Corp v. Green,* 411 U.S. 792 (1973). Under the Eleventh Circuit, to establish *a prima facie* claim of retaliation under Title VII, Coley must allege that he was engaged in statutorily protected activity; that an adverse action occurred; and that such action was

causally related to that protected activity. *Coutu v. Martin County Bd. Of County Commissioners*, 47 F.3d 1068, 1074 (11th Cir. 1995).

In this instance, the Plaintiff has submitted evidence demonstrating she is an African American male; hence, he is a member of a protected class. Therefore Plaintiff was treated less favorably than a similarly situated individual outside of his protected class.

Although the Defendant attempts to state striking differences between the positions of the Plaintiff and this white employees, the evidence shows that the white employees were eventually treated more favorably, provided greater opportunity toward job advance and treated more leniently that Plaintiff. And the fact that the held different positions is not material because the real issue is that allegedly each broke a rule, but one has been treated more favorably and has been discipline more leniently and allowed more opportunities.

The Plaintiff was spoken to in a more harsher toned that similarly white employee. Also, the Plaintiff was subject to racial slurs by her supervisor Mike Murphy. On one occasion, during a meeting after the Plaintiff had bee assaulted by Robin Rawls, a white employee, the Plaintiff's supervisor stated that he could see why Ms. Rawls would be afraid of me, the indication that I was black and she was white. (See Plaintiff's Declaration, Exhibit A; page 2, Para. 6).

Additionally, the Plaintiff was required to E-mail the supervisor, Mike Murphy, whenever Plaintiff went for lunch, and the Plaintiff had to inform the supervisor, through E-mail of her every move. However, white similarly situated employees were

6

not required to do the same as the Plaintiff .(See Plaintiff's Declaration, Exhibit A; page 2, Para. 9).

Evidence that similarly situated employees are disciplined more leniently and treated more favorably, is admissible evidence to support a disparate treatment claim. *Anderson v. SBMG-42*, 253 F.3d 561, 564 (11th Cir. 2001). The Plaintiff was treated differently in this instance. Race was as least a motivating factor, which eventually led to the Defendant's decision to treat Plaintiff differently that it was treating the white employees.

The Plaintiff has put forth sufficient evidence to state a prima facie case of discrimination. In establishing a prima facie case of discrimination, Plaintiff is only required to present some evidence to demonstrate that the decision of the Defendant was based on the discriminatory criterion. *See Int'l Brotherhood of Teamsters v. United States,* 432 U.S. 324, 358 (1977). Once the Plaintiff presents such evidence, a presumption of illegal discrimination is presented. If this *prima facie* case is presented, the Defendant is then required to produce a legitimate non-discriminatory reason for its employment decision. *Holifield v. Reno,* 115 F.3d 1555, 154 (11th Cir. 1997).

Assuming that there is no direct evidence of employment discrimination, the Plaintiff, nonetheless, has created a presumption of discriminatory intent by establishing a prima facie case of discrimination. *See McDonnell Douglas Corp v. Green*; *Chapman v. Al Transp.* 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). If the prima facie case of discrimination is established, it raises a rebuttal presumption that the employer is liable for the proscribed practice. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981)..

The Plaintiff submits that when her claim of discrimination and retaliation claim under Title VII is analyzed utilizing the framework set forth in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973), it can be readily seen that she was treated differently and that when she complained about they disparate treatment, she was retaliated against.

Also, the Defendant states that the corrective action plan an appraisal of Plaintiff did not amount to adverse employment actions. In stating that the Plaintiff has not suffered an adverse employment action, the Defendant has apparently construed "adverse employment action" to an ultimate employment decision.

Some circuits require plaintiffs claiming adverse action to demonstrate that their employer has subjected them to "an ultimate employment decision," the Eleventh Circuit holds otherwise. *See Wildeman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453 (11th Cir. 1998) (Title VII protection against retaliation discrimination extends to adverse actions which falls short of ultimate employment decisions, finding adverse employment action where plaintiff's employer mischaracterized her attendance, issued written reprimands and suspensions, solicited co-workers for negative comments); *Bass v. Bd. of County Com'rs, Orange County Fla.*, 256 F.3d 1095 (11th Cir. 2001), *reh'g denied en banc*, 273 F.3d 1117 (11th Cir. 2001) (Adverse employment action is not only an ultimate employment decision, such as failure to hire or discharge, but also other conduct that alters employee's compensation, terms, conditions, or privileges of employment, deprives the employee of employment opportunities, or adversely affects his or her status as an employee).

8

In this instance the Plaintiff was humiliated by the supervisor. He required Plaintiff to send an-email describing her assignments she had worked on during the week. If she was busy performing her assignments and did not timely send the e-mail, she would be disciplined. The supervisor did not require the same of similarly white employee. Although the Defendant attempts to "muddy the waters" in this instance, Defendant, however, refuses to address the real crux of the Plaintiff's discrimination claim, i.e., that the Plaintiff was treated differently and disciplined harsher than a similarly white person.

Although the Plaintiff has presented a prima facie case, the reasons advanced by the Defendant to support its discriminatory practices are not the real reasons for the adverse employment decision; therefore, they are pretextual. Plaintiff has presented evidence to cast sufficient doubt as to the Defendant's proffered reasons to permit a reasonable fact finder to conclude that Defendant's reasons were not the actual motivation in making its decision in regard to Vickers' employment with Defendant. *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 605 (11th Cir. 1994) [citation omitted]. When the Court views the evidence submitted, it can readily discern the same.

The Defendant has attempted to come forward with what it considers to be non-discriminatory reasons for the disparate treatment of the Plaintiff, the Plaintiff has, nonetheless, offered evidence from which a fact finder could rationally conclude that the Defendant's stated reason is a pretext for discrimination and retaliation. Therefore, summary judgment is not appropriate. Consequently, the Defendant's motion for summary judgment is due to be denied.

                                      Respectfully,

                                      _____
                                      Elaine M. Coley, Pro Se

## CERTIFICATE OF SERVICE

      I hereby certify that I have this 27th day of April 2007, filed a copy of this document with the Clerk of the Court, who will serve the following persons using the CM/ECF SYSTEM to perfect service.

Mark D. Wiklerson, Esq.
Amanda C. Carter, Esq.
405 South Hull Street
Montgomery, AL 36104
mark@wilkersonbryan.com
Amanda@wilkersonbryan.com

                                      _____
                                      Elaine Coley, Pro se

PLAINTIFF'S ADDRESS AND TELEPHONE
6321 Sandy Ridge Curve
Montgomery, AL 36117
(334) 207-3606