**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| ELAINE M. COLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 2:06cv378-WKW |
| | ) |
| ALABAMA MEDICAID AGENCY, | ) |
| | ) |
| Defendant. | ) |

**ALABAMA MEDICAID AGENCY'S MOTION TO STRIKE PLAINTIFF'S "EVIDENCE" AND REPLY TO THE PLAINTIFF'S RESPONSE IN OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

MARK D. WILKERSON (WIL072)
AMANDA C. CARTER (CAR116)
Attorneys for Defendant Alabama Medicaid Agency
WILKERSON & BRYAN, P.C.
405 South Hull Street
Montgomery, AL 36104
Telephone: (334) 265-1500
Facsimile: (334) 265-0319
mark@wilkersonbryan.com
amanda@wilkersonbryan.com

COMES NOW the Defendant Alabama Medicaid Agency ("Medicaid"), by and through counsel of record, and pursuant to Rule 56, FED. R. CIV. P., respectfully submits this Reply to the "Plaintiff's Response in Objection to Defendant's Motion for Summary Judgment" and moves to strike the Plaintiff's "evidence" on the grounds that it does not comply with Rule 56, FED. R. CIV. P. or this Court's Order of March 27, 2007.

### I.     The Plaintiff Offered No Evidence in Opposition to Medicaid's Motion for Summary Judgment.

Before the Court is Medicaid's Motion for Summary Judgment on all counts in the Plaintiff's Complaint. (See Compl. at ¶¶ 4(4), 6 alleging "discrimination in performance appraisals costing plaintiff promotional & advancement opportunities" and "retaliation because of complaints made to human resources regarding harassment and disparate treatment," and that "Defendant placed negative information in my personnel file as well.")  In response to Medicaid's Motion for Summary Judgment, the Plaintiff provided  "Plaintiff's Response in Objection to Defendants' Motion for Summary Judgment" (Plaintiff's "Opposition") and "evidentiary submissions" in an "Exhibit A: Declaration of Elaine Coley, with the following attachments: I: August 27, 2003 Letter Signed by Plaintiff, II: April 16, 2004 Letter Signed by Plaintiff, III: March 3, 2004 Letter from Felecia S. Barrow."  The Plaintiff's Opposition contains no statement of facts or sworn testimony or documents.

Rule 56(e) FED. R. CIV. P. requires that a party opposing summary judgment set forth specific facts showing the existence of a genuine issue of material fact through affidavits, depositions, answers to interrogatories, or admissions.  FED. R. CIV. P. 56(e).

In its Order of March 27, 2007, this Court provided detailed instructions of this requirement for the Plaintiff:

> FED. R. CIV. P. 56(e) provides:
>
> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided for in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Court further advised the parties that:

> A party opposing a motion for summary judgment cannot rely only on the unsworn pleadings but must oppose the motion by filing sworn affidavits that set forth specific facts which demonstrate that there is a genuine issue of material fact for trial in this case. Failure to file sworn affidavits may result in this court accepting the moving party's evidence as the truth. If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.
>
> Failure to follow the requirements of Rule 56 regarding the proper way to oppose a motion for summary judgment may result in an order granting the motion and entry of final judgment in favor of the moving party without further proceedings.

Despite the requirements of Rule 56(e), FED. R. CIV. P. and this Court's Order of March 27, 2007, the Plaintiff did not submit a single sworn affidavit or provide sworn or certified copies of a single document. Instead, the Plaintiff presented an unsworn "Declaration" with copies of three other documents, none of which were certified or sworn. The Plaintiff's Opposition does not refer to any portion of the hundreds of pages of her sworn deposition testimony, nor does it refer to any other evidence. Since the Plaintiff's "Declaration" and the attachments thereto, are not properly authenticated as required by Rule 56(e), FED. R. CIV. P., the Plaintiff should not be allowed to rely on them in opposition to Medicaid's Motion for Summary Judgment. *See First National Life Insurance Company v. California Pacific Life Insurance Company,* 876 F.2d 877, 881 (11th Cir. 1989) (Noting that documents must be authenticated before they may be

considered at the summary judgment stage.); *White v. Wells Fargo Guard Services,* 908 F.Supp. 1570, 1579 (M.D. Ala. 1995) ("exhibits used by a party at summary judgment stage must be authenticated at that time" for the court to consider them); *See also, Thomas v. Alabama Council on Human Relations, Inc.*, 248 F.Supp.2d 1105, 1112 (M.D. Ala. 2003) ("Affidavits which fail to meet the standards set forth in Rule 56(e) may be subject to a motion to strike."); *McGaughy v. Kitchens Express*, 2007 WL 1266862, *3 (M.D. Ala. 2007).

### II.    The Plaintiff Did Not Allege or Prove a Prima Facie Case of Discrimination.

Although the Plaintiff's Opposition is not properly supported by sworn testimony or sworn or certified copies of any documents, Medicaid will briefly address the Plaintiff's Opposition herein. The Plaintiff's Opposition first discusses a "Prima Facie Case of Discrimination" and alleges that "her race was 'a motivating' factor for Defendant's decision makers to discriminate against him[1] on the basis of his race as envisioned in 42 U.S.C.A. §2000e-2(m)." P.'s Opp. at 3. The Plaintiff even sets forth the elements of a prima facie case of discrimination. *Id*. at 5. The Plaintiff apparently understands her burden, yet she failed to even allege, much less prove, that she can satisfy any element of her claim. Her claim must therefore be dismissed by the Court.

### III.    The Plaintiff Did Not Allege or Prove a Prima Facie Case of Retaliation.

The Plaintiff's Opposition next addresses a "Prima Facie Case of Retaliation" and alleges that "[i]n this instance, the Plaintiff has submitted evidence demonstrating she is an African American male; hence, he is a member of a protected class. Therefore Plaintiff

---

[1] Throughout the Plaintiff's Opposition she refers to the Plaintiff as a male. Medicaid assumes, for purposes of this Reply, that the Plaintiff is referring to the only (female) Plaintiff in this lawsuit.

4

was treated less favorably than a similarly situated individual outside of his protected class." P.'s Opp. at 6. The Plaintiff does not point to any "evidence" other than her unsworn affidavit, to support her conclusory claim. The Plaintiff does not even allege that she engaged in a statutorily protected activity or that any adverse actions were causally related to that protected activity. The Plaintiff does complain that "white employees were eventually treated more favorably, provided greater opportunity toward job advance [sic] and treated more leniently that [sic] Plaintiff." *Id.* Despite the fact that Plaintiff uses the remainder of her Opposition to discuss these issues, she does not specify which white employees she is referring to or how each of those white employees were treated more favorably, provided greater opportunity for job advancement or treated more leniently. The Plaintiff's Opposition falls far short of that required by the law. *See Holifield v. Reno,* 115 F.3d 1555, 1566 (11th Cir. 1997); *Frederick v. Sprint/United Management Co.,* 246 F.3d 1305, 1312 (11th Cir. 2001).

### IV.    Conclusion.

While the Plaintiff may not like the rules she was required to follow, she has no evidence to support her claim that her treatment was related to her race or any protected activity. The Plaintiff complains about actions that did not rise to the level of adverse employment actions for purposes of disparate treatment or retaliation, where no white employee was treated any differently and where Medicaid had legitimate reasons for all of its actions. The Plaintiff has not produced any evidence that Medicaid violated any law. In fact, Medicaid's evidence and the Plaintiff's own testimony establish that the Plaintiff has been treated properly under the law. Summary Judgment in favor of Medicaid is proper on all of Plaintiff's claims.

Dated: May 14, 2007.

          **s/Amanda C. Carter**
MARK D. WILKERSON (WIL072)
AMANDA C. CARTER (CAR116)
Attorneys for Defendant
Alabama Medicaid Agency
WILKERSON & BRYAN, P.C.
405 South Hull Street
Montgomery, AL 36104
Telephone:  (334) 265-1500
Facsimile:   (334) 265-0319
mark@wilkersonbryan.com
amanda@wilkersonbryan.com

**OF COUNSEL:**

WILKERSON & BRYAN, P.C.
405 South Hull Street
Montgomery, AL 36104
Telephone:  (334) 265-1500
Facsimile:   (334) 265-0319
mark@wilkersonbryan.com
amanda@wilkersonbryan.com

6

**CERTIFICATE OF SERVICE**

  I do hereby certify that on this the 14th day of May 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that I mailed a copy of the foregoing to the Plaintiff, properly addressed and first class postage prepaid.

Elaine M. Coley, Pro Se
6321 Sandy Ridge Curve
Montgomery, AL 36117
(334) 207-3606

                **s/Amanda C. Carter**
                MARK D. WILKERSON (WIL072)
                AMANDA C. CARTER (CAR116)
                Attorneys for Defendant
                Alabama Medicaid Agency
                WILKERSON & BRYAN, P.C.
                405 South Hull Street
                Montgomery, AL 36104
                Telephone: (334) 265-1500
                Facsimile:  (334) 265-0319
                mark@wilkersonbryan.com
                amanda@wilkersonbryan.com